Ira WILLIAMS, Appellant,

v.

RAZOR ENTERPRISES, INC., Appellee.

No. 04–01–00134–CV.

Court of Appeals of Texas, San Antonio.

Jan. 9, 2002.

William M. Nichols, William M. Nichols, P.C., San Antonio, for Appellant.

Sharon E. Callaway, Crofts & Callaway, P.C., Tim K. Singley, Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice,[1] PAUL W. GREEN, Justice.

## OPINION

PAUL W. GREEN, Justice.

Ira Williams challenges the constitutionality of sections 406.123 and 406.144 of the Texas Workers' Compensation Act, claiming the provisions violate the open courts guarantee of the Texas Constitution. Because we hold the provisions are constitutional, we overrule Williams's two issues and affirm the summary judgment in favor of Razor Enterprises, Inc. ("Razor").

### Background

Williams's company entered an independent contractor agreement with Razor to perform roofing services. Williams, also serving as an employee for his company on this project, was injured on the job site. He filed a workers' compensation claim and several lawsuits in connection with the injury. The trial court granted summary

judgment in the lawsuit brought against Razor, finding Williams's claims were barred by the "exclusive remedy" provision of the Texas Workers' Compensation Act ("TWC"). *See* TEX. LAB.CODE ANN. §§ 406.123; 406.144; 408.001 (Vernon 1998). Williams appeals to this Court claiming the provisions barring his suit against Razor are unconstitutional.

### Texas Workers' Compensation Act

■ In general, insurance coverage under the Texas Workers' Compensation Act ("TWC") provides an exclusive remedy to employees seeking to recover for work-related injuries. TEX. LAB.CODE ANN. § 408.001. The TWC permits general contractors to enter agreements with subcontractors and independent contractors whereby the subcontractors' and independent contractors' employees are "deemed" employees of the general contractor for purposes of the TWC. TEX. LAB.CODE ANN. §§ 406.123(a), (e); 406.144(a), (e) (Vernon 1998). Further, the TWC permits the general contractor, upon entering such an agreement, to withhold from the subcontractor or independent contractor any amount resulting from additional insurance premiums incurred by providing workers' compensation coverage to the subcontractors' or independent contractors' employees. TEX. LABOR CODE ANN. §§ 406.123(d); 406.144(a) (Vernon 1998). Williams argues these provisions violate the open courts guarantee because they permit a general contractor, such as Razor, to benefit from workers' compensation coverage while passing the costs of that coverage down to a laborer, such as himself.

### Open Courts Challenges

■ In determining the constitutionality of statutory provisions, we indulge a strong presumption of constitutionality and remember that:

1. J. Rickhoff not participating.

a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. The wisdom or expediency of the law is the Legislature's prerogative, not ours.[2]

We address Williams's open courts challenge by conducting a two-prong analysis, asking: (1) whether the TWC provisions restrict a well-recognized common law cause of action; and (2) whether the restriction constitutes an unreasonable or arbitrary exercise of police power when balanced against the purpose of the provision.[3] Within the context of the TWC, the supreme court has interpreted the second prong as inquiring whether workers' compensation benefits serve as an "adequate substitute" to the injured employee's common law or statutory damages claim. *Garcia,* 893 S.W.2d at 521.

In 1995, the supreme court in *Tex. Workers' Compensation Com'n v. Garcia* held the TWC did not violate the open courts guarantee of the Texas Constitution, reasoning:

At common law, a person could be, and many were, severely injured ... and yet recover nothing. Workers covered by the Act receive lifetime medical benefits, wage replacement during convalescence, impairment benefits, and long-term wage replacement if they suffer a moderately severe physical impairment. We conclude that these benefits, which are available without regard to the employer's negligence and without reduction for the employee's negligence, adequately replace the common law negligence cause of action.[4]

Williams argues the *Garcia* case does not apply because he challenges provisions permitting the general contractor to benefit from workers' compensation insurance while passing the cost of premiums down to the independent contractor and, in his case, down to the individual laborer. Williams claims the challenged provisions upset the balance of the *quid pro quo* discussed by the *Garcia* court by continuing to require the employee to surrender his common law claim while permitting the general contractor to avoid the costs of workers' compensation premiums.

Williams's characterization of the TWC's *quid pro quo* balance misses the mark. Williams claims the *Garcia* court held the TWC satisfied the open courts guarantee because the employer pays out workers' compensation premiums to cover all employee injuries, and the injured employee

---

**2.** *Tex. Workers' Compensation Com'n v. Garcia,* 893 S.W.2d 504, 520 (Tex.1995) (quoting *Smith v. Davis,* 426 S.W.2d 827, 831 (Tex. 1968)). To address a constitutional challenge, we follow the Texas Code Construction Act, requiring us to presume the Legislature intended: (1) the statute to satisfy the state and federal constitutions; (2) the statute to effectuate a just and reasonable result; and (3) to favor public interest over any private interest. TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998); *see Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 715 (Tex.1990) (orig. proceeding).

**3.** *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 355 (Tex.1990). The open courts guarantee provides, "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX CONST. art. I, § 13. In essence, the open courts guarantee supplements the due process right by preventing the Legislature from arbitrarily withdrawing legal remedies from anyone having a well-defined cause of action under common law. *Diaz v. Westphal,* 941 S.W.2d 96, 100 (Tex.1997).

**4.** *Id.* at 523. Although the *Garcia* court did not directly address the provisions challenged by Williams, it is important to note that the version of the TWC discussed in *Garcia* included the provisions challenged by Williams today.

gives up his right to sue for negligence. In other words, Williams claims the employer, by paying for workers' compensation premiums, has "bought its peace" with the injured worker.

■ While we agree that the TWC is premised on a *quid pro quo*, we read the TWC to offer two separate *quid pro quos*—one to employees and one to employers. The Legislature enacted the TWC in 1913 to respond to the needs of workers who were increasingly denied recovery due to the difficulty of proving their employers' negligence and disproving their own negligence. *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex.2000). Under the TWC, the injured employee surrenders his right to sue his employer. *Id.* In exchange, the TWC guarantees the employee a limited recovery for his injuries, regardless of whether he can prove his employer's negligence and disprove his own negligence in court.

■ At the same time, the TWC offers employers a separate *quid pro quo*. An employer may purchase workers' compensation insurance, immunizing itself from liability for workplace negligence, but at the price of paying insurance premiums to benefit all injured employees, regardless of whose negligence caused the injury. *Id.* An employer choosing to opt out of the workers' compensation system remains vulnerable to litigation brought by injured employees, and during such litigation, employers are barred from asserting the defenses based on the employee's negligence or assumption of risk.[5] The TWC offers general contractors like Razor the option of charging subcontractors for the premium increase for covering additional employees. However, the fact that Razor receives this additional "benefit" does not affect the separate *quid pro quo* the TWC presents to all employees, including Williams.[6]

As such, with regard to whether the TWC violates the open courts guarantee by failing to replace an employee's common law claim with an adequate substitute, the *Garcia* holding is directly on point. Williams, as employee, benefits from a limited, but guaranteed right to workers' compensation benefits, and this benefit serves as an adequate substitute to his common law claim, wherein recovery is conditioned upon his ability to prove his employer's negligence. *Garcia*, 893 S.W.2d at 521. So long as there is a compensation policy in force, "the manner in which the insurance is paid is immaterial."[7] We overrule Williams's issues.

### Conclusion

Because we hold the challenged provisions do not violate the open courts guarantee of the Texas Constitution, we over-

---

**5.** *Id.* at 350 (stating "[s]ection 406.033, the current version of the penalty statute, discourages employers from opting out of workers' compensation insurance by prohibiting a nonsubscriber from asserting that its employee was contributorily negligent, assumed the risk, or that a fellow employee's negligence caused the employee's injuries") (citing Tex. Lab.Code Ann § 406.033(a)).

**6.** Importantly, Williams, as owner of the independent contracting company, voluntarily entered the agreement with Razor whereby his company was charged for premiums Razor incurred for adding coverage for Williams and his other employees. Therefore, the fact that Williams ultimately paid for the premiums providing immunization to Razor was a result of Williams's own choice. Courts have consistently enforced provisions permitting an employer to benefit from workers' compensation coverage even though the coverage was paid for by a third entity. *See, e.g., Williams v. Brown & Root, Inc.*, 947 S.W.2d 673, 677 (Tex.App.—Texarkana 1997, no writ) (discussing cases allowing third parties to pay for workers' compensation coverage).

**7.** *Brown*, 921 S.W.2d at 842. "[T]here is no reason why an employer cannot contractually provide for payment of premiums on his employees by a third-party acting on his behalf."

rule Williams's issues and affirm the summary judgment in favor of Razor.

Concurring opinion by PHIL HARDBERGER, Chief Justice.

PHIL HARDBERGER, Chief Justice, concurring.

In view of the Texas Supreme Court's holding in *Tex. Workers' Comp. Com'n v. Garcia*, 893 S.W.2d 504, 523 (Tex.1995), I agree that sections 406.123 and 406.144 of the Texas Workers' Compensation Act do not violate the open courts guarantee of the Texas Constitution. I write separately to address Williams's argument that these provisions "represent a radical departure from ... the prior statutory workers' compensation scheme" and permit a general contractor, such as Razor, "to pass on the costs of maintaining worker's compensation coverage to the laborer himself."

The workers' compensation laws have enabled general contractors and sub-contractors to enter into agreements pursuant to which a general contractor provides workers' compensation insurance to a sub-contractor and its employees since at least 1983. *See* Act of June 19, 1983, 68th Leg., R.S., ch. 950, 1983 Tex. Gen. Laws 5210. Even before the sweeping changes to the workers' compensation laws in 1989, the law provided "that the actual premiums (based on payroll) paid or incurred by the prime contractors for workers' compensation insurance coverage for the sub-contractor and employees of the sub-contractor may be deducted from the contract price or any other monies owed to the sub-contractor by the prime contractor." *Id.* Therefore, the 1989 amendments did not represent "a radical departure from the prior statutory worker's compensation scheme."

In addition, contrary to Williams's assertions, sections 406.123 and 406.144 do not permit a general contractor, such as Razor, "to pass on the costs of maintaining worker's compensation coverage to the laborer himself." Section 406.123 only enables a general contractor to deduct the premiums paid for the coverage from "the contract price or any amount owed to the subcontractor." TEX. LAB.CODE ANN. § 406.123 (Vernon Supp.2001). Similarly, section 406.144 only permits the general contractor to withhold the cost of the coverage "from the contract price." TEX. LAB. CODE ANN. § 406.144 (Vernon 1996). Therefore, the statutory provisions only enable the general contractor to deduct the amount of the premiums from the contract price paid to the sub-contractor, which the sub-contractor can take into consideration in bidding for a particular job. Neither of the statutory provisions allow the premiums to be withheld from the amount to be paid to a sub-contractor's employee, who is "the laborer himself."

With these comments, I concur in the majority's opinion.

*Cherry v. Chustz,* 715 S.W.2d 742, 744 (Tex.  App.—Dallas 1986, no writ).