11th Court of Appeals

 Eastland, Texas

  Memorandum Opinion

 

Barney Gilliam as Independent Executor of the 

Estate of Mei-Ju Castle and John Wu as Wrongful 

Death Beneficiary of Mei-Ju Castle, Deceased

 

Appellants

 

Vs.                   No. 11-02-00178-CV -- Appeal from Taylor County

Mary Helen Wilson, M.D.; NC-SCHI, Inc.

d/b/a Abilene Regional Medical Center;

Quorum Health Group, Inc. d/b/a Abilene 

Regional Medical Center; Triad Hospitals, 

Inc. d/b/a Abilene Regional Medical Center; 

and DCF d/b/a Abilene Physicians Group

 

Appellees

 

 

This is an
appeal from a summary judgment in a wrongful death suit under the Medical
Liability and Insurance Improvement Act, TEX. REV. CIV. STAT. ANN. art. 4590i
(Vernon Supp. 2003).  The trial court
granted summary judgment in favor of appellees.  Because we find that the trial court=s ruling was proper, we affirm. 

In April
1998, Mei-Ju Castle was hospitalized at Abilene Regional Medical Center
(ARMC).  She was complaining of severe
stomach pain.  Dr. John Hancock, her
treating physician, discovered an ulcer. 
He ordered certain testing.  He
also took a biopsy of the ulcer so that it could be determined whether it was
cancerous.  On April 6, 1998, Dr. Mary
Helen Wilson, a pathologist for ARMC examined a sample taken in the biopsy and
reported that Ms. Castle suffered from a benign gastric ulcer.  Dr. Hancock treated Ms. Castle in accordance
with the diagnosis and report from Dr. Wilson. 








Ms. Castle
continued to have stomach pain; and, on October 31, 2000, she was admitted to
Hendrick Medical Center.  After
performing a series of diagnostic tests, the doctors at Hendrick Medical Center
diagnosed Ms. Castle with bone cancer which had originated in her stomach.
Thereafter, on November 27, 2000, Dr. Wilson amended her original diagnosis and
agreed that Ms. Castle had stomach cancer in April 1998.  On December 4, 2000, Ms. Castle died.  On July 24, 2001, a wrongful death and
survival action was brought by Ms. Castle=s estate and her son, the sole wrongful death beneficiary. 

Appellees
all moved for summary judgment on the basis that the suit was barred by the
statute of limitations in Article 4590i, section 10.01.  Additionally, NC-SCHI, Inc., Quorum Health
Group, Inc., and Triad Hospitals, Inc. all d/b/a Abilene Regional Medical
Center (ARMC) moved for summary judgment on the grounds that:  ARMC is immune from liability based under
the Texas Occupation Code[1];
ARMC is not vicariously liable for the actions of Dr. Wilson; Dr. Wilson was
not a borrowed servant of ARMC; neither Quorum Health Group nor Triad Hospitals
had done business as ARMC; ARMC was not negligent in credentialing Dr. Wilson;
there was no evidence that the negligence of ARMC was the proximate cause of
the death of Ms. Castle.  ARMC also
alleged that there was no evidence that Dr. Wilson was acting as an ostensible
agent of ARMC.  The trial court granted
summary judgment on the basis that the suit was barred by the two-year statute
of limitations set forth in Article 4590i, section 10.01. 

 Appellants assert that the trial court erred
in granting summary judgment because the open courts provision of TEX. CONST.
art. I, ' 13 prevents the application of the
limitations provision of Article 4590i in this particular instance and that
here the limitations provision is unconstitutional.  Appellants further allege that the legislature did not intend to
bar claims before any injury was discovered. 
In its cross-points, ARMC asserts that summary judgment is also proper
because ARMC is not vicariously liable for Dr. Wilson=s conduct and because Quorum and Triad have
never done business as ARMC. 








 Summary judgment is proper if the defendant
establishes all elements of an affirmative defense to each claim raised.  American Tobacco Company, Inc. v. Grinnell,
951 S.W.2d 420, 425 (Tex.1997).  A
defendant who moves for summary judgment based on limitations must establish
the defense as a matter of law. 
Jennings v. Burgess, 917 S.W.2d 790, 793 (Tex.1996).  Once the movant establishes a right to
summary judgment, the non-movant must come forward with evidence or law that
precludes summary judgment. City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678-79 (Tex.1979).

Article
4590i, section 10.01 establishes a two-year statute of limitations.  See Diaz v. Westphal, 941 S.W.2d 96
(Tex.1997).  Article 4590i, section
10.01 provides in relevant part:

Notwithstanding
any other law, no health care liability claim may be commenced unless the
action is filed within two years from the occurrence of the breach or tort or
from the date the medical or health care treatment that is the subject of the
claim or the hospitalization for which the claim is made is completed.

 

A Ahealth care liability claim@ is a cause of action for Atreatment, lack of treatment, or other
claimed departure from accepted standards of medical care or health care or
safety which proximately results in injury to or death of the patient.@  
Article 4590i, section 1.03(a)(4).

The Texas
Constitution provides in relevant part that A[a]ll courts shall be open.@ Article I, section 13.  The
Texas Supreme Court has limited this doctrine to apply only to well-established
common-law causes of action the restriction of which would be unreasonable and
arbitrary when balanced against the statute=s purpose.  Moreno v. Sterling
Drug, Inc., 787 S.W.2d 348 (Tex.1990). 
At common law, a personal injury claim dies with the injured party.  However, the legislature has preserved such
claims by enacting the wrongful death statute. 
TEX. CIV. PRAC. & REM. CODE ANN. ' 71.001 et seq. (Vernon 1997 & Supp. 2003); Rose v. Doctor=s Hospital, 801 S.W.2d 841 (Tex.1990).  Claims for wrongful death are, therefore,
not based in common law but, rather, are statutory creations.  Article 4590i, section 10.01 is not
unconstitutional in this instance because the cause of action is not based in
the common law.  This is true even
though an injury may not have been discovered until the statute of limitations
has expired.  Diaz v. Westphal, supra. 

Appellants
have brought a Ahealth care liability claim@ based on the mis-diagnosis of Ms. Castle=s cancer. 
The summary judgment evidence establishes that the alleged negligence
occurred on April 6, 1998, the date when appellants allege that Dr. Wilson
first mis-diagnosed Ms. Castle with a benign gastric ulcer.  Thus, under Article 4590i, section 10.01,
the statute-of-limitations period expired on April 6, 2000.  Appellants have no common-law right to bring
an action against appellees.  Their sole
claim against appellees is based on the wrongful death and survival
statute.  Article 4590i, section 10.01
is not unconstitutional as applied in this case.  Therefore, the claim is barred, and summary judgment was
proper.  








The
doctrine of stare decisis compels this result. 
Messina v. State, 904 S.W.2d 178 (Tex.App. B Dallas 1995, no writ).  Appellants= points of error are overruled. 
We need not address appellees= cross-points.

The
judgment of the trial court is affirmed.   


 

JIM R. WRIGHT

 JUSTICE

 

February 27, 2003

Panel consists of:  Wright, J., and 

McCall, J., and Dickenson, S.J.[2]

 











     [1]TEX. OCC. CODE ANN. '
160.010 (Vernon Pamph. Supp. 2003).





     [2]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland, sitting by assignment.