In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-492 CV


____________________



CENTERPOINT ENERGY HOUSTON ELECTRIC, L.L.C.;


MEMORIAL HERMANN HOSPITAL SYSTEM, INDIVIDUALLY


AND D/B/A MEMORIAL HERMANN HOSPITAL; MEMORIAL HERMANN


FOUNDATION; JAMES EASTHAM; MARSHALL HEINS; SKIDMORE,


OWINGS & MERRILL LLP; TEXAS MEDICAL CENTER AND ANDY ICKEN,


Appellants



V.



WILMA BRUNKENHOEFER AND JAMES BRUNKENHOEFER, 


INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF 


CHARLES BRUNKENHOEFER, DECEASED, Appellees






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Court Cause No. E-169,673






MEMORANDUM OPINION


 Wilma and James Brunkenhoefer, individually and on behalf of the estate of Charles
Brunkenhoefer, sued resident and non-resident defendants (1) in Jefferson County district court.
Plaintiffs say the defendants injured Charles and caused his death. The trial court denied the
non-resident defendants' motions to sever and transfer venue to Harris County. The
movants filed an interlocutory appeal under section 15.003 (2) of the Civil Practices and
Remedies Code. In response, appellees argue this Court has no jurisdiction to hear the
appeal, because Tex. Civ. Prac. & Rem. Code Ann. § 15.064(a) (Vernon 2002) prohibits
an appeal from a trial court's determination of venue. See American Home Prods. Corp. v.
Clark, 38 S.W.3d 92 (Tex. 2000). 

 Wilma and James claim that injuries in both Jefferson County and Harris County
caused Charles Brunkenhoefer's death. Charles underwent surgery in a Jefferson County
hospital. Appellees say the surgery was negligently performed. After a second surgery,
Charles suffered a heart attack and was transferred to a hospital in Houston. During his stay
in the hospital in Harris County, Tropical Storm Allison hit Houston. The hospital lost
electrical power and Charles Brunkenhoefer died. Wilma and James allege Charles suffered
injuries and died as a result of the loss of power to electrical equipment at the hospital, and
also as a result of the injuries he sustained in the hospital in Jefferson County. 

 Wilma and James say venue is proper in Jefferson County because (1) all or a
substantial part of the events or omissions giving rise to the claims occurred in Jefferson
County, and (2) at least one of the defendants resided in Jefferson County at the time the
cause of action accrued. See Tex. Civ. Prac. & Rem. Code Ann. §§ 15.002(a)(1), (2),
15.005 (Vernon 2002). They assert both a survival action and a wrongful death action. See
Tex. Civ. Prac. & Rem. Code Ann. § 71.021 (Vernon 1997); Tex. Civ. Prac. & Rem.
Code Ann. §§ 71.001-71.012 (Vernon 1997 & Supp. 2004). The survival statute permits a
personal injury cause of action to survive death: "A personal injury action survives to and
in favor of the heirs, legal representatives, and estate of the injured person." Tex. Civ. Prac.
& Rem. Code Ann. § 71.021 (Vernon 1997); see Kramer v. Lewisville Mem'l Hosp., 858
S.W.2d 397, 404 (Tex. 1993). The wrongful death statute allows the surviving spouse,
parents, and children to sue for damages resulting from a wrongful death. See Tex. Civ.
Prac. & Rem. Code Ann. § 71.004 (Vernon 1997 & Supp. 2004); see Diaz v. Westphal, 941
S.W.2d 96, 98 (Tex. 1997). 

 The plaintiffs begin their pleadings by asserting the lawsuit is brought "individually
and on behalf of the estate of Charles Brunkenhoefer." Appellants contend Wilma and James
must either independently establish venue or, if they cannot, plaintiffs must establish proper
joinder of each claim against each defendant under section 15.003(a). Appellants argue that
Wilma and James, as wrongful death plaintiffs, cannot establish venue in Jefferson County
independently of Wilma and James as survival plaintiffs, and also cannot "join" the survival
lawsuit as "wrongful death plaintiffs" under section 15.003(a). Appellants say the wrongful
death claims must be severed from the survival statute claims, and the wrongful death claims
should be transferred to Harris County. 

 The applicable version of section 15.003(a) provides that "[i]n a suit where more than
one plaintiff is joined each plaintiff must, independently of any other plaintiff, establish
proper venue." If a plaintiff cannot independently establish venue, the plaintiff must
establish he has met the section's four joinder requirements. See § 15.003(a); Surgitek,
Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 602 (Tex. 1999). Here, the trial court
conducted a nonevidentiary hearing and denied the motions for severance and venue transfer
without specifying the grounds for the decision. 

 No one disputes that Wilma and James can sue the resident defendants, Mid Jefferson
County Hospital and Dr. Schmidt, in Jefferson County under section 15.002(a). The survival
actions and wrongful death claims, however, are not directed solely against the Jefferson
County residents; the non-resident defendants are also sued for their alleged negligent acts
or omissions causing injury to Charles prior to his death, and causing his death. Appellants
say that appellees assert only a wrongful death action against the non-resident defendants
and only a survival action against the resident defendants, but the pleadings are broad
enough to cover claims under both statutes against all defendants, resident and non-resident; and appellees say that is their intent.

 The appellees suggest venue is proper for the non-resident defendants pursuant to
Tex. Civ. Prac. & Rem. Code Ann. § 15.005. That section provides as follows:

 In a suit in which the plaintiff has established proper venue against a
defendant, the court also has venue of all the defendants in all claims or actions
arising out of the same transaction, occurrence, or series of transactions or
occurrences. 


The "series of transactions or occurrences" began in Jefferson County, encompassed a
transfer to a Houston hospital, and later ended with Charles Brunkenhoefer's death in Harris
County. Appellees pleaded each defendant's negligent actions, taken singularly or in
combination, caused Charles Brunkenhoefer's injuries, damages, and untimely death. See
Tex. Civ. Prac. & Rem. Code Ann. 71.002(a),(b) (Vernon 1997). 

 Our decision is governed by American Home Products Corp. v. Clark, 38 S.W.3d 92
(Tex. 2000). There, the Supreme Court explained an interlocutory appeal is authorized by
the applicable version of section 15.003(a) only when the trial court's order necessarily
determines the joinder or intervention issue under the statute:

 When the trial court's order necessarily determines an intervention or joinder
issue under section 15.003(a), section 15.003 (c) plainly allows for either party
to contest that decision by taking an interlocutory appeal. See Tex. Civ. Prac.
& Rem. Code § 15.003(c); Surgitek v. Abel, 997 S.W.2d 598, 601 (Tex. 1999). 
Conversely, if the trial court determines that venue is proper under section
15.002, the inquiry is over. This is because section 15.003(a) takes as its
starting point a "person who is unable to establish proper venue." Surgitek v.
Abel, 997 S.W.2d at 602. Thus, if the trial court, even erroneously, decides
that venue is proper under section 15.002, an interlocutory appeal under
section 15.003(c) is unavailable. See Tex. Civ. Prac. & Rem. Code §
15.064(a); [Surgitek, Inc. v.] Adams, 955 S.W.2d [884, 887 (Tex. App.--Corpus Christi 1997, pet. dism'd by agr.)]. 


American Home Prods. Corp. v. Clark, 38 S.W.3d at 96. In American Home Products v.
Clark, the Supreme Court explained that section 15.003 is a joinder statute, and the statute
as written did not authorize an interlocutory appeal of a venue determination. Id. The Court
held that the court of appeals correctly dismissed a non-resident defendant's interlocutory
appeal for want of jurisdiction because the trial court's decision there was a venue
determination. Id. 

 Appellants' complaint is that they have been sued in Jefferson County for injuries and
death occurring in Harris County. The trial court here made no findings concerning joinder
under section 15.003(a). Rather, the trial court implicitly adopted appellees' position that
venue is proper in Jefferson County for both the survival actions and wrongful death claims. 
The legal capacities in which each plaintiff sues and the nature of the claims each asserts are
distinguishable, but the individuals pursuing the claims are the same. The survival claims
and the wrongful death claims against both resident and non-resident defendants are alleged
to involve the same series of events. We see appellants' complaint as fundamentally a venue
one, not a multiple or intervening plaintiff joinder issue under section 15.003(a). Given the
circumstances, we conclude the trial court's order determined a venue issue under section
15.005 and did not determine a plaintiff joinder issue under section 15.003(a). No
interlocutory appeal of a venue determination is authorized by the statute in effect when this
suit was filed. See American Home Prods. Corp. v. Clark, 38 S.W.3d at 96. 

 This Court has no jurisdiction over an interlocutory appeal from the trial court's
determination of a venue question. Id. We do not decide whether the trial court's venue
decision is correct. See Tex. Civ. Prac. & Rem. Code Ann. § 15.064 (Vernon 2002). The
interlocutory appeal is dismissed for want of appellate jurisdiction.

 APPEAL DISMISSED. 

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on February 12, 2004

Opinion Delivered February 12, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The Jefferson County resident defendants are Mid Jefferson County Hospital and a
related entity, and Dr. John Allen Schmidt. The non-resident defendants are Texas Medical
Center, Centerpoint Energy Houston Electric, L.L.C., Memorial Hermann Foundation,
Memorial Hermann Hospital System, Andy Icken, Marshall Heins, James Eastham, and
Skidmore, Owings and Merrill LLP.
2. The applicable version of section 15.003 is found in Acts of May 8, 1995, 74th Leg.,
R.S., ch. 138, § 1, sec. 15.003, 1995 Tex. Gen. Laws 978, 979. Section 15.003 was amended
in 2003, but the amendment does not apply to the actions filed before September 1, 2003.