Annie BRATCHER, Appellant,

v.

Bradley BOEKE, D.D.S., Appellee.

No. 05–06–00080–CV.

Court of Appeals of Texas,
Dallas.

Nov. 13, 2006.

Clay S. Conrad, Houston, for Appellant.

Vernon L. Krueger and David M. Walsh IV, Chamblee & Ryan, P.C., Dallas, for Appellee.

Before Justices WRIGHT, O'NEILL, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

This is a medical malpractice case. Annie Bratcher appeals from the trial court's order granting summary judgment in favor of Bradley Boeke, D.D.S. We affirm the trial court's order because we conclude Bratcher's claim is barred by limitations.

### BACKGROUND

In March 2000, Bratcher was referred to Dr. Boeke for dental care. On April 12, 2000, Dr. Boeke performed oral surgery on Bratcher and installed four implants to support a full lower denture. Between April 12, 2000 and March 6, 2001, Bratcher returned to Dr. Boeke's office for follow-up visits. On March 6, 2001, Bratcher visited Dr. Boeke for placement of the lower denture. After the denture had been placed, Bratcher complained that the denture made her lower lip protrude, was uncomfortable, and that she could not talk because the denture was too bulky, thick, and heavy. She wanted the denture out, and Dr. Boeke instructed an assistant to remove it. Sometime later, a different dentist told Bratcher that Dr. Boeke had improperly placed the implants too close together and that she would need to have additional treatment and surgery before the denture would fit properly.

On March 4, 2003, Bratcher sent Dr. Boeke pre-suit notice that she intended to file a claim against him alleging he was negligent on March 6, 2001 when the denture was placed. On May 9, 2003, Bratcher filed this lawsuit against Dr. Boeke alleging he provided negligent dental care on April 12, 2000 when he performed surgery to install the four implants. She did not allege a claim for negligent dental care arising from the March 6, 2001 visit when Dr. Boeke placed the denture.

Dr. Boeke filed a motion for summary judgment contending the claim was barred by the statute of limitations. The trial court granted the motion but also granted Bratcher leave to amend her petition to allege a claim not barred by limitations. She filed an amended petition on June 24, 2005 alleging Dr. Boeke provided negligent dental care on March 6, 2001 when he failed to deliver the denture to her. In turn, Dr. Boeke filed another motion for summary judgment on this claim arguing, among other things, the new claim was barred by limitations because it alleged a complaint arising from the surgery performed in April 2000, which was time barred, and that it did not allege a new and distinct tort. The trial court granted the motion without stating the basis for its ruling. Bratcher appeals from the order granting this second motion for summary judgment.

### STANDARD OF REVIEW

We review a grant of summary judgment de novo. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *see Shah v. Moss*, 67 S.W.3d 836, 842 (Tex.2001). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Knott*, 128 S.W.3d at 215; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002).

▇ A defendant moving for summary judgment on the affirmative defense of limitations must conclusively establish that defense, including conclusively negating any relevant tolling provision asserted by the nonmovant. *See Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975). The burden then shifts to the nonmovant to raise a fact issue concerning the avoidance of limitations. *See Shah*, 67 S.W.3d at 846–47.

When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *See Knott*, 128 S.W.3d at 216; *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex.1996).

## DISCUSSION

This is a medical malpractice claim governed by the limitations and tolling provisions of the Medical Liability and Insurance Improvement Act (the MLIIA).[1] Section 10.01 of the MLIIA requires a health care liability claim to be commenced within two years from (1) the occurrence of the breach or tort, (2) the last date of the relevant course of treatment, or (3) the last date of the relevant hospitalization. *See* MLIIA § 10.01; *Shah*, 67 S.W.3d at 841. This two-year limitations period is absolute, and the limitations period may only be extended or tolled by statutes contained within the MLIIA. *See Diaz v. Westphal*, 941 S.W.2d 96, 98 (Tex.1997); *Hill v. Milani*, 686 S.W.2d 610, 611 (Tex. 1985). A claimant may extend the two-year period for seventy-five days by giving notice of a claim within the two-year period. *See* MLIIA § 4.01(c); *Diaz*, 941 S.W.2d at 98.

The operative dates for the calculation of the limitations period in this case are:

| | |
|---|---|
| April 12, 2000 | Dr. Boeke performed oral surgery to install the implants |
| March 6, 2001 | Dr. Boeke placed the denture and removed the denture |
| March 4, 2003 | Bratcher gave Dr. Boeke notice of claim that he was negligent on March 6, 2001 by failing to deliver the denture |
| May 9, 2003 | Bratcher filed this lawsuit alleging Dr. Boeke was negligent on April 12, 2000 when he performed surgery to install the implants |
| June 25, 2005 | Bratcher filed an amended petition to allege Dr. Boeke was negligent on March 6, 2001 by failing to deliver the denture |

▇ Bratcher concedes that the statute of limitations had expired on the claim for negligence arising from the April 12, 2000 surgery when she filed the original pleading on May 9, 2003. And she does not contend that the March 6, 2001 claim would have been timely filed if the lawsuit had been originally filed on June 25, 2003. Nevertheless, and although that claim was not made until she filed her amended pleadings on June 25, 2005, Bratcher argues the March 6, 2001 claim was not barred by limitations because her original petition was filed within two years and seventy-five days from March 6, 2001. But Bratcher does not cite any authority

---

1. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, §§ 1.01–41.05, 1977 Tex. Gen. Laws 2039–64 (subsequent amendments omitted) (former TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Supp.2003)), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at TEX. CIV. PRAC. & REM.CODE ANN. §§ 74.001–.507 (Vernon 2005 & Supp.2006)). This lawsuit is governed by the provisions of the MLIIA because Bratcher filed this lawsuit before the repeal of article 4590i. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(d), 2003 Tex. Gen. Laws 864, 899.

to support this argument or explain how filing the time-barred claim alleged in the original pleading tolled limitations on the claim filed over two years later in the amended pleading.

 Dr. Boeke contends the argument impliedly and mistakenly relies on the relation-back doctrine.[2] Under the relation-back doctrine, the amended pleading is not subject to a statute of limitations defense and "relates back" to the date of the original filing if an amended pleading adds a cause of action that is based on the same transaction or occurrence that also forms the basis of the claim made in the original pleading. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.068 (Vernon 1997); *Delhomme v. Comm'n for Lawyer Discipline,* 113 S.W.3d 616, 621 (Tex.App.-Dallas 2003, no pet.). But the doctrine does not apply and the claim in the amended pleading is subject to the limitations defense if the claim alleged in the original pleading was subject to a plea of limitations when the pleading was filed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.068.[3]

We conclude the claim filed on June 25, 2005 for dental care provided on March 6, 2001 does not relate back to the original filing date of May 9, 2003 because the original claim for surgery performed on April 12, 2000 was subject to a plea of limitation when it was originally filed on May 9, 2003. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068; *see Diaz,* 941 S.W.2d at 98–99. In fact, Bratcher concedes that

2. Dr. Boeke initially argues the relation-back doctrine does not apply to health care liability claims because it is a tolling provision and section 10.01 of the MLIIA prohibits its application. However, in *Bradley v. Etessam,* 703 S.W.2d 237, 240–42 (Tex.App.-Dallas 1985, writ ref'd n.r.e.), we addressed whether the relation-back doctrine applied to health care liability claims and concluded its application was not prohibited by section 10.01.

3. Section 16.068 provides:

the original claim was time barred and does not appeal the trial court's order dismissing that claim.

We also conclude that appellant did not raise a fact issue concerning the tolling of limitations and the trial court did not err by granting Dr. Boeke's motion for summary judgment. We affirm the trial court's judgment.

If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.068.