**Patty MARTIN, Individually and on Behalf of The Estate Of Donald F. Martin, and as Next Friend of April Nicole Martin, a Minor Child, Appellant,**

v.

**Alan CATTERSON, M.D.; Caremark International Incorporated d/b/a/ Kelsey–Seybold Clinic, P.A.; and Kelsey Seybold Medical Group, Appellees.**

No. 01–96–01360–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 16, 1998.

**224**

Denice Smith, Jeff Nobles, Houston, for Appellant.

Jeffrey B. McClure, Solace H. Kirkland, Houston, for Appellees.

Before COHEN, ANDELL and SMITH.*

## OPINION

COHEN, Justice.

When a plaintiff files a common-law action for medical malpractice that would be time-barred except for the open courts provision of the Texas Constitution, does the plaintiff's subsequent death cause him to lose the protection of the open courts provision? We hold it does not.

The Martins sued appellees for negligence while Donald Martin lived and for wrongful death and survivorship after he died. Appellees were granted summary judgment based on limitations. We reverse and remand.

### FACTS

Donald Martin was treated by Dr. Alan Catterson at the Kelsey–Seybold Clinic from 1987 to 1990 because of a spot on his scalp. Catterson diagnosed the spot as scalp folliculitis, a benign condition. In January 1990, Dr. Catterson referred Martin to Dr. Weldon Collins, a Kelsey–Seybold dermatologist. Dr. Collins examined the spot, but did not diagnose it as cancerous. In June 1993, Martin visited another dermatologist who diagnosed the spot as cancerous. The Martins sued for negligence on March 8, 1994. Donald Martin died on June 13, 1996. At that time, appellees' motion for summary judgment based on limitations was pending. The trial judge denied it on June 21.

After Mr. Martin's death, the Martins filed an amended petition on July 22, 1996 adding claims for wrongful death and survivorship. On August 23, 1996, appellees responded by again moving for summary judgment based on limitations. On August 12, the trial judge wrote a letter to counsel explaining that he was "inclined to grant summary judgment for the defendants." He stated:

For purposes of this motion, *the court must treat the lawsuit as having been filed within a reasonable time within discovery.* Thus, it is Defendant's position that even if (1) Plaintiffs could not have discovered their action against the defendant physician within two years of treatment and filed within a reasonable time after discovery of a cause of action and (2) the physician committed medical malpractice that caused the plaintiff-patient's death, the claim is barred by the mere fortuitous circumstance that the patient died after the lawsuit was filed but before trial. Defendant's argument is very unappealing.

Nevertheless, the judge indicated that because Mr. Martin had died, he was bound to grant summary judgment based on limitations, even though he had refused to do so while Mr. Martin lived.

### ANALYSIS

■ We follow the usual standard of review. TEX.R. CIV. P. 166a(c); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). To win a summary judgment, appellees had to conclusively negate any tolling doctrines the Martins asserted. *Diaz v. Westphal*, 941 S.W.2d 96, 98 (Tex. 1997).

#### *Statute of Limitations*

■ "Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed...." TEX.REV.CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon 1998). This statute sets an absolute two-year limitations period for health care liability claims; the general tort discovery rule does not apply. *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex.1987). The Martins' health care liability

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

claims were filed more than two years after appellees' medical treatment ended.

The Martins assert their claims are preserved by the open courts provision of the Texas Constitution. *See* TEX. CONST. art. I, § 16 ("All courts shall be open, and every person for an injury done him, and his lands, goods, person or reputation, shall have remedy by due course of law."). Section 10.01 violates the open courts doctrine if it cuts off a cause of action before the party knows or reasonably should know that he or she is injured. *Nelson v. Krusen,* 678 S.W.2d 918, 923 (Tex.1984). To invoke the open courts doctrine, a claimant must show "(1) that he has a cognizable common-law cause of action, and (2) that restriction of the claim is unreasonable or arbitrary when balanced against the statute's purpose." *Diaz,* 941 S.W.2d at 100.

### 1. Status of the Martins' Claims Before the Death of Donald Martin

Before Mr. Martin's death, the Martins' claims were based on common-law negligence. The findings and purposes of the Medical Liability and Insurance Improvement Act state that the legislature intended to protect health care providers from rapidly increasing insurance rates, but in a manner that would "not unduly restrict a claimant's rights any more than necessary." TEX.REV. CIV. STAT. ANN. art. 4590i, sec. 1.02 (Vernon 1998). Because appellees assured Donald Martin the spot was not cancerous, he had no reasonable opportunity to discover the cancer within two years after receiving treatment from appellees. *See Melendez v. Beal,* 683 S.W.2d 869, 872 (Tex.App.—Houston [1st Dist.] 1984, no writ) (patient had no reasonable opportunity to discover sponge left inside her abdomen until abcess developed 13 years after the surgery). Applying a strict two-year statute of limitations under these facts would be unreasonable or arbitrary when balanced against the purpose of 4590i; thus, we hold that, under these facts, the statute violates the open courts doctrine. *Id.*

Because the open courts doctrine applied to the Martins' pre-death claims, appellees had to show the Martins did not bring suit within a "reasonable time" after discovering the injury. *Weiner v. Wasson,* 900 S.W.2d 316, 321 (Tex.1995) (plaintiffs have "two years *plus* a reasonable time to bring suit") (emphasis in original). The trial judge's letter stated, correctly in our view, that for summary judgment purposes at least, the suit was filed within a reasonable time after discovery. Plainly, the summary judgment was not granted because the Martins failed to sue promptly after discovering Mr. Martin's condition. The Martins sued appellees nine months after discovering the cancer, but only four months after tests performed in November 1993 revealed that the cancer probably existed while appellees were treating Mr. Martin. Appellees did not conclusively establish that the Martins acted unreasonably by suing four months after learning the cancer probably existed during appellees' course of treatment. *See Bradford v. Sullivan,* 683 S.W.2d 697, 697 (Tex.1985) (eleven months after discovery of injury held reasonable); *Melendez,* 683 S.W.2d at 871 (13 months after discovery of malpractice held reasonable).

### 2. Status of the Martins' Claims After Donald Martin's Death

Appellees assert the Martins' common-law claims did not survive Donald Martin's death. *See Diaz,* 941 S.W.2d at 100 (at common law,"no personal injury cause of action survive[s] to a deceased tort victim's heirs, and the heirs have no claim for their own losses resulting from the tortious act."). Appellees contend that because the Martins' claims were transformed to statutory claims, the claims are time-barred because the open courts doctrine does not apply to statutory claims. *See Diaz,* 941 S.W.2d at 100.

Appellees' argument would permit these claims to survive only if they had been brought within two years of appellees' treatment, which was before the Martins knew or could have known of their injury. "Such a result is rightly described as 'shocking' and is so absurd and so unjust that it ought not to be possible." *Nelson,* 678 S.W.2d at 923. Such a result would reward negligent doctors for the death of their patients. For no good reason, such a rule would make it cheaper in some cases (like this one) to kill a patient

than to maim him. Further, it would encourage defendants to prolong litigation in hope that a plaintiff's claim would die with him.

The first prong of the open courts doctrine requires plaintiffs to have a "cognizable common-law cause of action." *Diaz,* 941 S.W.2d at 100. The Martins had one. Transformation of the common-law claims to statutory claims because of Donald Martin's death does not suddenly end their protection under the open courts doctrine. Though the claims are now statutory, they were not statutory when the negligence occurred, when the suit was filed, or at any time before Mr. Martin died. Because the claims were cognizable common-law causes of action when filed and at all times before Mr. Martin died, we hold that the open courts doctrine applies and these claims are not barred by limitations.[1] *See Felan v. Ramos,* 857 S.W.2d 113, 118 (Tex. App.—Corpus Christi 1993, writ denied) ("The fact that [plaintiff] died during the pendency of her common law negligence action did not extinguish her claim. . . .").

We sustain the first point of error.

We need not reach the second point of error.

The judgment is reversed, and the cause is remanded.

---

**1.** Several legal doctrines treat the character of a lawsuit as fixed by the state of the pleadings. These include the "well pleaded complaint" rule for determination of jurisdiction and removal in federal courts, *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust,* 463 U.S. 1, 8, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983), and the relation back doctrine under Tex. Civ. Prac. & Rem.Code Ann. § 16.068 (Vernon 1997). There is also the inception of title doctrine, fixing the character of community property on the date of acquisition. Tex. Fam.Code Ann. § 3.001 (Vernon 1998); *Colden v. Alexander,* 141 Tex. 134, 171 S.W.2d 328, 334 (1943); *Winkle v. Winkle,* 951 S.W.2d 80, 88 (Tex.App.—Corpus Christi 1997, writ denied). None of these doctrines compels our holding, but all are consistent with it. They exemplify the concept that the character of a lawsuit or of property, such as a cause of action, is fixed at the outset.