TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00095-CV






Marilyn Batten, Individually; and Mark Richard Batten, as Executor of the


Estate of Roy Swope, Deceased, Appellants



v.



Kenneth E. Hunt, M.D., Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 99-068-C277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







 Marilyn Batten, individually, and Mark Richard Batten, as executor of Roy
Swope's estate, appeal the take-nothing summary judgment rendered against their negligence and
wrongful death claims brought against Kenneth E. Hunt, M.D. The sole ground of the motion
for summary judgment was that the two-year statute of limitations barred the claims against Hunt. 
We will affirm the judgment.


BACKGROUND



 In 1989, following a referral by Swope's primary physician, Thomas Parker, Hunt
removed a large, precancerous tumor from Swope's colon. Hunt treated Swope during three
subsequent, brief hospitalizations. Hunt did not treat Swope after May 18, 1989.

 In 1998, Swope and his wife, Marilyn Batten, sued Hunt and Parker after learning
in late 1997 that Swope had colon cancer. They alleged that Parker, his physician from the early
1980s until 1997, was negligent for failing to recommend follow-up colonoscopies or similar
diagnostic tests based on Swope's subsequent symptoms. They alleged that Hunt negligently
failed to advise Swope of the need for follow-up tests for polyps and tumors. They contended that
the doctors' inaction caused Swope's cancer to go undiagnosed until it spread to lymph nodes and
the muscle wall surrounding the colon. Swope and Batten alleged that Swope could not have
discovered before 1997 either that he had cancer or that the doctors breached the standard of care. 

 Swope died a few months after filing suit. In October 1998, Mark Batten joined
the suit as executor of Swope's estate.

 The trial court granted Hunt's motion for summary judgment based on the two-year
statute of limitations in the Medical Liability Act. See Tex. Civ. Stat. Ann. art. 4590i, § 10.01
(West Supp. 1999).


DISCUSSION


 We review the summary-judgment record to determine whether the movant
established the absence of a genuine issue of material fact and entitlement to judgment as a matter
of law. See Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979). We view the record and reasonable inferences therefrom in the light most
favorable to the nonmovant and resolve against the movant all doubts about the existence of a
genuine issue of material fact. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,
391 S.W.2d 41, 47 (Tex. 1965).

 Absent tolling or other delay of the limitations period, the causes of action are time-barred. The statute of limitations for these causes of action provides as follows:


Notwithstanding any other law, no health care liability claim may be commenced
unless that action is filed within two years from the occurrence of the breach or
tort or from the date the medical or health care treatment that is the subject of the
claim or the hospitalization for which the claim is made is completed.



Tex. Civ. Stat. Ann. art. 4590i, § 10.01. The limitations period runs from one of three dates:
(1) the occurrence of the breach or tort; (2) the date the health care treatment that is the subject
of the claim is completed; or (3) the date the hospitalization for which the claim is made is
completed. Kimball v. Brothers, 741 S.W.2d 370, 372 (Tex. 1987). Hunt asserts without
contradiction that he last treated Swope on May 18, 1989. Swope did not file this suit until 1998,
considerably more than two years after the last treatment.

 Hunt's alleged failure to order or advise further testing does not extend the
"treatment" period for limitations purposes. See Bala v. Maxwell, 909 S.W.2d 889, 892 (Tex.
1995); see also Rowntree v. Hunsicker, 833 S.W.2d 103, 108 (Tex. 1992). In Rowntree, a doctor
examined a patient and prescribed medication for hypertension; the patient's last office visit was
in September 1986. Id. at 104. She requested a prescription refill from the doctor's office by
telephone in May 1987, last refilled that prescription in December 1987, and suffered a stroke
from an occluded carotid artery in January 1988. Id. She sued in 1989. The supreme court
found the suit time-barred because it was filed more than two years after her last office visit;
refilling the prescriptions did not delay the onset of the limitations period. Id. at 108. In Bala,
the doctor examined a patient in December 1986 and discovered a stomach lesion that showed no
signs of malignancy. Bala, 909 S.W.2d at 890. Tests in December 1987 were less conclusive,
but the final report stated that the cells were consistent with a benign tumor. In July 1989, new
tests revealed cancerous cells in the stomach and lung. Id. The patient's survivors argued that,
by failing to diagnose cancer in 1987 and failing to begin treatment, the doctor's negligence
continued for limitations purposes until the cancer was discovered. Id. at 892. The supreme court
rejected that argument, writing, "We have previously held that when a physician fails to diagnose
a condition, the continuing nature of the diagnosis does not extend the tort for limitations
purposes." Id. The supreme court held that, because the doctor discovered the cancer in 1989,
limitations ran from the last potentially negligent examination in 1987. Id. The Bala court
distinguished the case from the situation in which a physician twice determined that a lump in the
patient's breast was benign, but then failed to inquire about the lump during subsequent
examinations. Id. at 891 (citing Chambers v. Conaway, 883 S.W.2d 156, 158 (Tex. 1993)). The
supreme court held in Chambers that the doctor's failure to inquire on the subsequent visits meant
that limitations did not begin to run until the last of the examinations. Chambers, 883 S.W.2d
at 158.

 As in Bala and Rowntree, the limitations period for Swope's claims against Hunt
ran from his last treatment of Swope. There is no proof in this record of any negligence or
misdiagnosis of the benign tumor which Hunt removed in 1989; nor is there any proof or
allegation that Hunt examined Swope and failed to order or recommend tests after May 1989. 
Any failure to order further tests did not create a lingering tort for limitations purposes. See Bala,
909 S.W.2d at 892. Swope had to sue Hunt by May 1991 and failed to do so.

 The Battens contend that their suit is nonetheless protected from the limitations bar
by the open-courts provision of the Texas Constitution, which provides that "[a]ll courts shall be
open, and every person for an injury done him, in his lands, goods, person or reputation, shall
have remedy by due course of law." Tex. Const. art. 1, § 13. This provision invalidates
limitations statutes when used "to cut off an injured person's right to sue before the person has
a reasonable opportunity to discover the wrong and bring suit." Nelson v. Krusen, 678 S.W.2d
918, 923 (Tex. 1984). In Nelson, a doctor told a woman she was not a genetic carrier of muscular
dystrophy. Id. at 920. She had a child who almost four years later was diagnosed with that form
of muscular dystrophy. Id. The supreme court held that, because she could not have known of
the flaw in the diagnosis at the time of the diagnosis, the open-courts provision prevented the
limitations period from running until she could reasonably be expected to discover it. Id. at 923. 

 We reject Hunt's contention that the open-courts provision does not apply to the
Battens' claims. The supreme court has held that the open-courts provision, which preserves
common-law claims, does not protect statute-based survival and wrongful-death claims. See Diaz
v. Westphal, 941 S.W.2d 96, 101 (Tex. 1997); Bala, 909 S.W.2d at 893. However, in those
cases the decedent did not file suit, and the survivors found their attempt to initiate their original
statutory claims not protected by the open-courts provision. Diaz, 941 S.W.2d at 101; Bala, 909
S.W.2d at 893. Interestingly, the supreme court recently declined to review a First Court of
Appeals case holding that the open-courts provision's shield of a negligence suit filed by a
decedent before death does extend to shield the derivative claims by his survivors. Martin v.
Catterson, 981 S.W.2d 222, 226 (Tex. App.--Houston [1st Dist.] 1998), pet. denied, 42 Tex. S.
Ct. J. 778 (June 10, 1999). In 1990, Catterson treated Martin for a spot on his scalp that
Catterson considered noncancerous. Martin, 981 S.W.2d at 224. In 1993, another doctor found
that spot malignant. Martin sued in 1994, alleging that, because his claims were not discoverable
within two years of his last treatment by Catterson, the open-courts provision prevented
limitations from barring his common-law negligence claims. After Martin died in 1996, the trial
court, which had denied a limitations-based summary-judgment motion against Martin's claims,
granted it against the survivors' claims. Id. at 224. The First Court reversed, expressly rejecting
the trial court result:


Such a result would reward negligent doctors for the death of their patients. For
no good reason, such a rule would make it cheaper in some cases (like this one) to
kill a patient than to maim him. Further, it would encourage defendants to prolong
litigation in hope that a plaintiff's claims would die with him.


* * *



Transformation of the common-law claims to statutory claims because of Donald
Martin's death does not suddenly end their protection under the open-courts
doctrine. Though the claims are now statutory, they were not statutory when the
negligence occurred, when the suit was filed, or at any time before Mr. Martin
died. Because the claims were cognizable common-law causes of action when filed
and at all times before Mr. Martin died, we hold that the open-courts doctrine
applies and these claims are not barred by limitations.



Id. at 225. The supreme court quoted the latter of these paragraphs, then stated, "In denying Dr.
Alan Catterson and Kelsey-Seybold Clinic's petition for review, we neither approve nor
disapprove of this language in the court of appeals' opinion." Catterson, 42 Tex. S. Ct. J. at 779. 
Any application of the open-courts provision that protected Swope's claims from the limitations
period also protects the Battens' derivative survival and wrongful-death claims.

 We conclude, however, that Swope's claims against Hunt were themselves not
preserved by the open-courts provision. The supreme court uses a two-part test to determine the
effect of the open-courts provision: a litigant asserting that a limitations statute violates the open-courts provision "must show (1) that he has a cognizable common-law cause of action, and (2)
that restriction of the claim is unreasonable or arbitrary when balanced against the statute's
purpose." Diaz, 941 S.W.2d at 100. The allegation is that Hunt "was negligent for failing to
recommend follow-up colonoscopies at appropriate times." Swope's claim satisfies the first prong
of the test because negligence is a cognizable cause of action. However, we do not find
application of the two-year limitations period unreasonable or arbitrary. Swope did not allege that
Hunt was negligent in the removal of the polyp, misinterpreted the test results of that polyp, or
prescribed a harmful course of treatment. Swope did not allege that Hunt told him that the
surgery freed him from future vigilance against colon cancer. Nor did Swope allege that he had
any contact with Hunt after 1989. Swope only alleged that "[b]etween 1989 and 1997, your
Plaintiff Roy Swope had signs and symptoms to indicate the possibility of colon cancer while
under the care and treatment of Dr. Parker, including severe fatigability, episodes of weight loss,
severe diarrhea, and blood in his stools." (Emphasis added.) On these facts, application of the
limitations statute is reasonable and not arbitrary. Even if it were unreasonable to require Swope
to know in May 1989 that Hunt should have told him to have follow-up examinations, his
continuing symptoms certainly provided the impetus to seek further examinations well before
1996. Once Swope reasonably should have felt the need to be examined, any failure by Hunt (1) to
tell him to get examined became a nonfactor in Swope's course of treatment. The open-courts
provision did not shield Swope's causes of action against Hunt from the limitations bar.


CONCLUSION


 Because Swope's causes of action against Hunt were barred by the statute of
limitations, the Battens' derivative causes of action were also barred. The trial court did not err
by rendering a take-nothing summary judgment of that basis on Swope's claims against Hunt. We
affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: September 16, 1999

Publish

1. We note that the primary lawsuit against Dr. Parker based upon these same allegations is
still pending in district court, and we express no opinion on the merits of that claim.


aw negligence claims. After Martin died in 1996, the trial
court, which had denied a limitations-based summary-judgment motion against Martin's claims,
granted it against the survivors' claims. Id. at 224. The First Court reversed, expressly rejecting
the trial court result:


Such a result would reward negligent doctors for the death of their patients. For
no good reason, such a rule would make it cheaper in some cases (like this one) to
kill a patient than to maim him. Further, it would encourage defendants to prolong
litigation in hope that a plaintiff's claims would die with him.


* * *



Transformation of the common-law claims to statutory claims because of Donald
Martin's death does not suddenly end their protection under the open-courts
doctrine. Though the claims are now statutory, they were not statutory when the
negligence occurred, when the suit was filed, or at any time before Mr. Martin
died. Because the claims were cognizable common-law causes of action when filed
and at all times before Mr. Martin died, we hold that the open-courts doctrine
applies and these claims are not barred by limitations.



Id. at 225. The supreme court quoted the latter of these paragraphs, then stated, "In denying Dr.
Alan Catterson and Kelsey-Seybold Clinic's petition for review, we neither approve nor
disapprove of this language in the court of appeals' opinion." Catterson, 42 Tex. S. Ct. J. at 779. 
Any application of the open-courts provision that protected Swope's claims from the limitations
period also protects the Battens' derivative survival and wrongful-death claims.

 We conclude, however, that Swope's claims against Hunt were themselves not
preserved by the open-courts provision. The supreme court uses a two-part test to determine the
effect of the open-courts provision: a litigant asserting that a limitations statute violates the open-courts provision "must show (1) that he has a cognizable common-law cause of action, and (2)
that restriction of the claim is unreasonable or arbitrary when balanced against the statute's
purpose." Diaz, 941 S.W.2d at 100. The allegation is that Hunt "was negligent for failing to
recommend follow-up colonoscopies at appropriate times." Swope's claim satisfies the first prong
of the test because negligence is a cognizable cause of action. However, we do not find
application of the two-year limitations period unreasonable or arbitrary. Swope did not allege that
Hunt was negligent in the removal of the polyp, misinterpreted the test results of that polyp, or
prescribed a harmful course of treatment. Swope did not allege that Hunt told him that the
surgery freed him from future vigilance against colon cancer. Nor did Swope allege that he had
any contact with Hunt after 1989. Swope only alleged that "[b]etween 1989 and 1997, your
Plaintiff Roy Swope had signs and symptoms to indicate the possibility of colon cancer while
under the care and treatment of Dr. Parker, including severe fatigability, episodes of weight loss,
severe diarrhea, and blood in his stools." (Emphasis added.) On these facts, application of the
limitations statute is reasonable and not arbitrary. Even if it were unreasonable to require Swope
to know in May 1989 that Hunt should have told him to have follow-up examinations, his
continuing symptoms certainly provided the impetus to seek further examinations well before
1996. Once Swope reasonably should have felt the need to be examined, any failure by Hunt (1) to
tell him to get examined became a nonfactor in Swope's course of treatment. The open-courts
provision did not shield Swope's causes of action against Hunt from the limitations bar.


CONCLUSION


 Because Swope's causes