**Opinion issued September 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00543-CV

———————————

**LETOSHA GALE, M.D. AND ZOE LIFE WELLNESS CENTER, P.A.,**
**Appellants**

**V.**

**HECTOR LUCIO, Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 12-DCV-198515**

---

## O P I N I O N

We granted the petition of appellants, Letosha Gale, M.D. and Zoe Life

Wellness Center, P.A. (collectively, "Dr. Gale"), to file a permissive appeal

pursuant to Texas Rule of Appellate Procedure 28.3 on the issue of whether

appellee, Hector Lucio, as the representative of his wife Maria's estate, can invoke the open courts provision of the Texas Constitution to toll the statute of limitations in a wrongful death and survival claim that Maria originally brought as a negligence claim before her death.

We reverse the trial court's order denying Dr. Gale's motion for summary judgment on limitations and allowing Hector's suit to continue, and we render a take-nothing judgment on Hector's claims.

## Background

Maria Lucio was a patient of Dr. Gale and Zoe Life Wellness Center. On March 9, 2009, Maria visited Dr. Gale, her family practitioner, for a check of her blood pressure. After detecting a slight heart murmur, Dr. Gale ordered a chest x-ray and other tests. The chest x-ray revealed a density at Maria's left lung base, representing a possible breast mass, pneumonia, or pulmonary nodule. Dr. Gale ordered a follow-up mammogram and CT scan. The CT scan, performed on March 12, 2009, revealed a "wedge-shaped mass" on Maria's left lung. The Lucios claimed that they were never informed of the results of this CT scan. Dr. Gale contends that her office called Maria and mailed the test results to her home.

Maria returned to Dr. Gale's office for routine appointments on July 22, 2009, and on October 29, 2009. On July 5, 2011, Maria returned to Dr. Gale's office complaining of a cough. Dr. Gale ordered another chest x-ray, which

2

revealed a new growth on Maria's lung. Following further testing, including a July 11, 2011 CT scan, Maria was diagnosed with stage IV metastatic lung cancer.

The Lucios filed suit against Dr. Gale on May 29, 2012. Maria asserted a cause of action for medical malpractice and claimed that Dr. Gale failed to timely report the abnormal March 12, 2009 CT scan result to her and to refer her to a pulmonologist, causing a delay in her diagnosis for metastatic lung cancer. Maria also argued that she did not discover that the results of the March 2009 scan revealed a mass on her lung until the second CT scan was performed in July 2011. Hector Lucio asserted claims for loss of consortium and loss of household services as a result of Dr. Gale's alleged negligence in failing to inform Maria of the results of the March 2009 CT scan.

Maria died on September 27, 2012. On February 25, 2013, Hector Lucio amended his petition in his individual capacity and as the representative of Maria's estate. The amended petition contained a suggestion of death for Maria pursuant to Texas Rule of Civil Procedure 151. The facts alleged in the amended petition were similar to the facts contained in the Lucios' original petition: Hector alleged that Dr. Gale negligently failed to inform Maria of the March 2009 CT scan results showing a mass on Maria's lung and failed to refer her to a pulmonologist, that Maria was harmed by the delay in her treatment, and that Maria eventually died as a result of the lung cancer on September 27, 2012. Hector asserted that the action

was brought pursuant to the Texas Wrongful Death Act[1] and the Texas Survival Statute.[2] Hector sought damages in his individual capacity for "[l]oss of care, maintenance, support, services, advice, counsel, and reasonable contributions of pecuniary value," for "[l]oss of companionship and society," and for "[e]motional pain, torment and suffering experienced by them because of the death" of Maria Lucio. In his capacity as the representative of Maria's estate, Hector sought damages for "pain and mental anguish, conscious physical pain and emotional pain, torment and suffering experienced by Maria Lucio"; medical expenses for the "necessary medical and hospital care received by Maria Lucio for treatment of her conditions which occurred as a result of the herein-described conduct" of Dr. Gale; and funeral and burial expenses for Maria Lucio.

On May 9, 2013, Dr. Gale moved for summary judgment on limitations grounds, arguing that the suit was filed outside the two-year statute of limitations provided by the Medical Liability Act ("MLA"). Dr. Gale argued:

> [Dr. Gale] move[s] for summary judgment because [Hector Lucio's] claims were filed outside of the two-year statute of limitations. [Hector's] untimely claims are not tolled by the discovery rule because the discovery rule does not apply to medical malpractice cases governed by the statute of limitations in Chapter 74 of the Texas Civil Practice and Remedies Code. [Hector's] claims are also not saved by the open courts provision of the Texas constitution because this provision does not apply to [his] claims, and [Hector] also—

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.002–71.012 (Vernon 2008).

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.021–71.022 (Vernon 2008).

despite discovery of the essential facts of his claim—failed to file suit within a reasonable time after limitations expired. Indeed, this lawsuit was filed 444 days after the statute of limitations expired and 282 days after [Hector] had *actual knowledge* of facts that should have alerted him to a potential cause of action. Consequently, this claim is time-barred.

Hector responded that summary judgment was inappropriate "because a fact issue exists precluding summary judgment specifically regarding . . . [w]hether under the open courts exception to the two year statute of limitations in medical malpractice cases, Hector Lucio brought suit within a reasonable time following the discovery of [Dr. Gale's] malpractice." Hector contended that he and Maria did not discover Dr. Gale's malpractice until after the two-year statute of limitations had expired. Hector recognized that the two-year statute of limitations for medical malpractice claims begins to run from the date of the alleged malpractice, not from the date of discovery, or, in this case, from the March 12, 2009 CT scan. However, he argued,

While there is no discovery rule in medical malpractice cases, the open courts doctrine of the Texas Constitution gives litigants a reasonable time to discover their injuries and file suit. Suit was filed approximately ten months after the discovery of the Defendant's malpractice. Whether this time period is reasonable is a question of fact, precluding summary judgment.

Dr. Gale filed a reply arguing that the open courts provision did not apply to Hector's claims. Dr. Gale argued that Hector's claims in his amended petition

5

were not cognizable under the common law. She also argued that Hector and Maria did not file their initial claims within a reasonable time.

The trial court denied Dr. Gale's motion for summary judgment, allowing Hector's suit to continue. However, the trial court also granted Dr. Gale's motion for permission to appeal the order denying her motion for summary judgment, stating that the order "turn[ed] on the following question of law: Can the representative of an estate invoke the open courts provision to toll the statute of limitations in a wrongful death and survival claim that was originally brought as a negligence claim by the decedent before her death?"

## Jurisdiction

As permitted by the trial court's order, Dr. Gale filed a petition for permissive interlocutory appeal pursuant to Civil Practice and Remedies Code section 51.014(d). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d), (f) (Vernon Supp. 2014) (allowing trial court to permit appeal from order not otherwise appealable under limited circumstances and permitting appellate court to accept appeal if party files appropriate application); TEX. R. CIV. P. 168 (providing that trial court may permit appeal from interlocutory order that is not otherwise appealable); *see also* TEX. R. APP. P. 28.3 (providing requirements for filing of permissive appeal in civil cases). We granted the petition because the legal question of whether Hector can invoke the open courts provision in his wrongful

death and survival claims against Dr. Gale, individually and on behalf of Maria's estate, is a controlling question of law on which there is substantial ground for difference of opinion, and, because the issue addresses the statute of limitations and is, therefore, material to the ultimate resolution of the litigation.

**Standard of Review**

We review de novo the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, the movant must establish that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).

When a defendant moves for traditional summary judgment, she must either: (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of her affirmative defense, thereby defeating the plaintiff's cause of action. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). When a defendant seeks summary judgment on the basis that the statute of limitations has expired, she must establish the defense as a matter of law. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *Diaz v. Westphal*, 941 S.W.2d 96, 97–98 (Tex. 1997). "To satisfy this burden, the defendant must

7

conclusively negate any relevant tolling doctrines the plaintiff asserted in the trial court." *Diaz*, 941 S.W.2d at 98.

If the movant meets her burden as set out above, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Centeq Realty*, 899 S.W.2d at 197; *see also Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 295 (Tex. 2010) ("In the summary judgment context, the burden is on the plaintiff asserting an Open Courts exception to the statute of limitations to raise a fact issue demonstrating that she did not have a reasonable opportunity to discover the alleged wrong and bring suit before the limitations period expired."). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). To determine if the nonmovant has raised a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

**Analysis**

Dr. Gale argues that she was entitled to summary judgment based on her affirmative defense that Hector's claim is barred by the statute of limitations. Thus, we must first consider whether Dr. Gale has conclusively established her affirmative defense. *See Cathey*, 900 S.W.2d at 341; *Shah*, 67 S.W.3d at 842 (holding that defendant seeking summary judgment on basis that statute of limitations has expired must establish that defense as matter of law).

Health care liability claims are subject to a two-year statute of limitations:

> Notwithstanding any other law. . . , no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (Vernon 2011); *Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 71 (Tex. 2011). This statute adopted an absolute two-year limitations period and abolished the "discovery rule" in health care liability claims. *Walters*, 307 S.W.3d at 298 n.28 (Tex. 2010) (recognizing that "the Legislature abrogated the court-fashioned discovery rule" in 1975) (citing *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985)); *see Chilkewitz v. Hyson*, 22 S.W.3d 825, 829 (Tex. 1999) (holding that "absent a violation of the open courts provision of the Texas Constitution," the legislature abolished discovery rule in cases governed by MLA).

9

We begin our analysis of Dr. Gale's motion for summary judgment based on her limitations defense by examining whether the Lucios filed their original petition in accordance with these provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a); *Chilkewitz*, 22 S.W.3d at 829.

Dr. Gale moved for summary judgment on the basis that the Lucios' suit was untimely at the time it was filed as a negligence claim by Maria and a loss of consortium and household services claim by Hector. In his response to Dr. Gale's motion for summary judgment, Hector acknowledged that his and Marias claims arose on March 12, 2009, when Dr. Gale allegedly failed to advise Maria of the abnormal CT scan results and failed to refer her to a pulmonologist for further evaluation. Maria and Hector filed their original petition on May 29, 2012, which was outside the absolute two-year limitations period under the MLA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a); *Marroquin*, 339 S.W.3d at 71. Hector likewise agreed that the discovery rule does not apply to medical malpractice suits. *See Walters*, 307 S.W.3d at 298 n.28; *Morrison*, 699 S.W.2d at 208. He did not assert any other tolling provisions provided for under the statute.

We conclude that Dr. Gale established that the Lucios' petition was untimely and their claims were barred by section 74.251(a)'s statute of limitations. Hector argues, however, that dismissal of his claims on limitations grounds would violate the Texas Constitution's open courts guarantee.

10

Hector bears the burden of raising a fact issue demonstrating that the open courts guarantee applies to his claims. *See Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex. 2007) ("Unlike the discovery rule, which a defendant must negate once the plaintiff has pleaded it, a plaintiff who asserts that the open courts provision defeats limitations bears the burden of raising a fact issue."); *see also Walters*, 307 S.W.3d at 295 (holding that plaintiff asserting open courts exception bears burden to raise fact issue demonstrating that she did not have reasonable opportunity to discover alleged wrong and bring suit before limitations period expired).

The Texas Supreme Court has held that the statutory two-year limitations period is unconstitutional under the open courts provision of the Texas Constitution to the extent that it purported to cut off an injured person's right to sue before the person has a reasonable opportunity to discover the alleged malpractice and bring suit. *Shah*, 67 S.W.3d at 842; *Nelson v. Krusen*, 678 S.W.2d 918, 920–21 (Tex. 1984) (citing TEX. CONST. art. I, § 13). Stated another way, "The open courts provision prohibits the Legislature from making 'a remedy by due course of law contingent upon an impossible condition.'" *Stockton v. Offenbach*, 336 S.W.3d 610, 617–18 (Tex. 2011) (quoting *Diaz*, 941 S.W.2d at 100). Thus, "the legislature cannot abrogate the right to bring a well-established common-law claim

11

without showing that the statute's objectives and purposes outweigh denying the constitutionally guaranteed right of redress." *Shah*, 67 S.W.3d at 842.

In the medical malpractice context, the limitations provision "does not violate the open courts guarantee if the plaintiff had a reasonable opportunity to discover the alleged wrong and bring suit before the limitations period expired." *Id.* Courts analyzing whether the open-courts doctrine invalidates a statute of limitations in a particular case have focused on whether the nature of the claim made it impossible or exceedingly difficult to discover the alleged wrong and bring suit within the two-year period. *See Walters*, 307 S.W.3d at 296–97 (analyzing plaintiff's claim that she could not have discovered surgical sponge left inside her abdomen within limitations period and holding that claims were protected by open courts guarantee, noting "[t]he singularity of sponge cases"); *Nelson*, 678 S.W.2d at 920, 923–24 (holding, in claim for wrongful birth, that parents could not reasonably have discovered their claim within two-year limitations period because child was not diagnosed with genetic disease until he was more than three years old, and thus that limitations period would operate to bar parents' suit before they knew it existed); *cf. Shah*, 67 S.W.3d at 846–47 (discussing nature of plaintiff's claims for negligent surgery and negligent follow-up treatment in determining that summary judgment evidence demonstrated that plaintiff had reasonable opportunity to discover alleged wrong and bring suit within limitations period).

Here, the alleged malpractice occurred on or around March 12, 2009, when Dr. Gale learned of the abnormal results of Maria Lucio's CT scan and allegedly failed to inform Maria of the results or refer her for proper follow-up treatment. Maria knew, as of March 12, 2009, that the CT scan was performed and that Dr. Gale had not reported any results to her, but she did not file suit until more than three years later, in May 2012. Hector states that he and Maria did not discover Dr. Gale's malpractice until after the two-year statute of limitations had expired. He argues that "the open courts doctrine of the Texas Constitution gives litigants a reasonable time to discover their injuries and file suit." He contends that there is a fact issue regarding whether the original petition, which was filed approximately ten months after Maria received the results of her second CT scan in July 2011, was filed in a reasonable time.

To support his claim that he raised a fact question regarding the reasonableness of the time for filing suit, Hector cites the numerous medical tests and procedures that Maria endured between July 2011 and the time the Lucios filed suit in May 2012, as well as the investigation conducted by their lawyers. However, he provides no evidence or explanation for his allegation that Maria did not have a reasonable opportunity to discover Dr. Gale's failure to report the results of the 2009 CT scan and bring suit before March 2011, when the two-year limitations period expired.

Hector relies on cases such as *Martin v. Catterson* to support his contention that the open courts guarantee applies to his claims, but the Texas Supreme Court has rejected *Catterson's* holding in part. *See* 981 S.W.2d 222 (Tex. App.—Houston [1st Dist.] 1998, pet. denied), *disapproved by Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 903 & n.15 (Tex. 2000) (holding that "wrongful-death and survival claimants cannot establish an open-courts violation because they 'have no common law right to bring either'" and thus, *Catterson* "misstated the law"; and stating that because it denied petition for review in *Catterson*, it "express[es] no opinion . . . concerning the other holdings of the court of appeals in that case").

Moreover, this case is factually distinguishable from cases in which Texas courts have applied the open courts guarantee to avoid dismissal on limitations grounds. In *Catterson*, for example, Donald Martin was treated for a spot on his scalp that the appellee doctors told him was benign. *Id.* at 224. However, several years later, after visiting another doctor, Martin learned that the spot was in fact cancerous. *Id.* He filed suit several months later, then died two years after filing suit, while the doctors' motion for summary judgment based on limitations was pending. *Id.* This Court held that the open courts doctrine applied to Martin's pre-death claims "[b]ecause [the defendant doctors] assured Donald Martin the spot

14

was not cancerous," and so "he had no reasonable opportunity to discover the cancer within two years after receiving treatment from [the doctors]." *Id.* at 225.

Maria, however, was not misdiagnosed. She alleges that she was not given the results of her diagnostic testing. The failure to report test results does not create the same barrier to the discovery of alleged malpractice as a doctor's affirmative provision of an inaccurate diagnosis. *See id.*; *see also DeRuy v. Garza*, 995 S.W.2d 748, 752 (Tex. App.—San Antonio 1999, no pet.) (holding that statute of limitations was unconstitutional under open courts provision when plaintiff was misdiagnosed and did not discover the misdiagnosis until one year after limitations had run, citing the "impossibility of bringing an action for misdiagnosis before [the plaintiff] knew of the misdiagnosis").

Nor does the alleged harm here—a failure to report test results—constitute an injury that is inherently difficult to discover. In a case where a surgical sponge was left inside a patient's body during surgery, the supreme court acknowledged that the "singular" nature of such an injury renders it "exceedingly difficult to discover." *Walters*, 307 S.W.3d at 297. It stated, "All of the procedures for placing objects in and removing them from the body are in the control of the surgeon. It is a virtual certainty that the patient has no knowledge on the day following the surgery—nor for a long time thereafter—that a foreign object was left in the incision." *Id.* at 295–96 (holding that plaintiff "at least raised a fact

15

issue as to whether she discovered the sponge [left in her abdomen] and brought her suit within a reasonable time" when she repeatedly sought medical attention for pain attributed to sponge but it was not discovered until exploratory surgery occurred). Here, by contrast, Maria could have known on the days following her March 12, 2009 CT scan that Dr. Gale had not reported the results or followed-up with her.

Maria and Hector did not allege fraudulent concealment, which the supreme court has held may estop a health-care provider from relying on limitations to bar a plaintiff's claim. *See Shah*, 67 S.W.3d at 841. Nor was Maria a minor or otherwise incapacitated such that it was impossible for her to bring suit within two years of Dr. Gale's alleged failure to report the test results. *See Weiner v. Wasson*, 900 S.W.2d 316, 321 (Tex. 1995) (holding that two-year statute of limitations violated open courts provision as applied to minor alleging medical malpractice because it cut off minor's cause of action before he reached age at which he may lawfully sue on his own behalf); *see also Tinkle v. Henderson*, 730 S.W.2d 163, `67 (Tex. App.—Tyler 1987, writ ref'd) (holding that statute of limitations violated open courts provision when it served to cut off claim of mentally incompetent plaintiff).

Rather, viewing the evidence in the light most favorable to Hector, the nonmovant, we conclude, as a matter of law, that Maria could have discovered Dr.

16

Gale's alleged failure to report or follow-up on the CT scan results within the limitations period. *See Walters*, 307 S.W.3d at 295 ("Because the open courts guarantee does not toll limitations, courts must determine what constitutes a reasonable time for a claimant to discover her injuries and file suit."); *Fielding*, 289 S.W.3d at 848 (providing standard for determining whether nonmovant has raised fact issue). In other contexts, courts have held that when a plaintiff's claim is based on a failure to notify, the plaintiff "knows or should have known of the failure to notify when it knows or should have known the facts about which it was to be notified." *See, e.g.*, *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998); *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 228 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("[A] plaintiff who invokes the discovery rule still must have sought information about his injuries and their likely causes once apprised of facts that would prompt a reasonably diligent person to make an inquiry that would lead to discovery of the cause of action.") (citing *Pirtle v. Kahn*, 177 S.W.3d 567, 571 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)).

We recognize that the discovery rule, which serves to defer the accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the claim, does not apply here. *See Walters*, 307 S.W.3d at 295. However, because the open courts provision, in contrast to the discovery rule, "merely gives litigants a reasonable time to discover their injuries

17

and file suit," we believe that this standard is instructive in determining what constituted a reasonable time for Maria to discover her injuries. *See id.*

Here, Maria knew that the CT scan was completed on March 12, 2009. On that date, she knew of the existence of the facts about which she was to be notified—i.e., the results of that test. She had sufficient information in March 2009 to know that results and follow-up information should be forthcoming from her doctor and to investigate and discover the allegedly wrongful failure of her doctor to report those results. However, she and Hector did not bring their suit until more than three years later.

We conclude that the two-year statute of limitations provided a reasonable time to discover the alleged failure to report, and, thus, the open courts doctrine does not apply to this suit. *See Shah*, 67 S.W.3d at 842 (holding that limitations provision "does not violate the open courts guarantee if the plaintiff had a reasonable opportunity to discover the alleged wrong and bring suit before the limitations period expired"); *see also Acosta v. Mem'l Hermann Hosp. Sys.*, No. 14-07-00001-CV, 2008 WL 190052, at *4 (Tex. App.—Houston [14th Dist.] Jan. 22, 2008, pet. denied) (mem. op.) ("[The] undisputed summary judgment evidence establishes that appellant had sufficient information within nine months of her son's birth to investigate and discover the allegedly wrongful denial of

18

anesthesia and bring suit within the limitations period. This constitutes a reasonable time as a matter of law and the open courts doctrine does not apply.").

Hector has failed to raise a fact issue demonstrating that the open court guarantee applies to this claim. *See Walters*, 307 S.W.3d at 295; *Yancy*, 236 S.W.3d at 782. We conclude that the original petition was filed outside the limitations period and thus Hector's claims in his amended petition are likewise extinguished. *See, e.g.*, *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 644 (Tex. 2009) ("[W]e have consistently held that the right of statutory beneficiaries to maintain a wrongful death action is entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death."); *Maes v. El Paso Orthopaedic Surgery Group, P.A.*, 385 S.W.3d 694, 698 (Tex. App.—El Paso 2012, pet. denied) (holding that derivative claims, such as claims for loss of parental consortium, are extinguished by running of statute of limitations on injured parent's underlying claim); *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 144 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (loss of consortium claims are derivative of underlying personal injury action and thus are barred if injured party has no recovery). Accordingly, we need not address Hector's arguments regarding whether the open courts doctrine is available for claims based on the wrongful death and survivorship statutes.

19

We sustain Dr. Gale's issue on appeal, and we conclude that the trial court erred in denying her motion for summary judgment.

## Conclusion

We reverse the order of the trial court allowing Hector's suit to continue and render judgment granting Dr. Gale's motion for summary judgment on limitations grounds and ordering that Hector Lucio, both individually and in his capacity as administrator of the Estate of Maria Lucio, take nothing.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.