**Opinion issued February 11, 2016**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-14-00984-CV

————————————

**TIFFANY THOMAS, Appellant**

**V.**

**T. JAYAKUMAR, FIRST STREET HOSPITAL, AND FIRST SURGICAL PARTNERS, LLC, Appellees**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-22071**

---

## MEMORANDUM OPINION

In this medical malpractice case, Tiffany Thomas appeals from the trial court's order granting summary judgment in favor of Dr. T. Jayakumar, First Street Hospital, and First Surgical Partners, LLC. In her sole issue, Thomas contends that

the trial court erred in granting appellees' motions for summary judgment because it denied Thomas her rights under the open courts provision of the Texas Constitution. We affirm.

## Background

In 2001, Thomas underwent lap band surgery which was performed by non-parties to this suit. During that surgery, silastic tubing was left in her abdomen.[1]

On November 14, 2011, Thomas was admitted to First Street Hospital for gastric bypass surgery. Dr. Jayakumar performed the surgery and Thomas was released from the hospital the next day.

Following her surgery, Thomas returned for a follow-up visit in December 2011. When Thomas told Dr. Jayakumar that she was experiencing abdominal pain, Dr. Jayakumar told her that it was normal and did not perform any additional examination. Although Thomas continued to feel abdominal pain intermittently throughout 2012, she believed that it was a normal lasting effect of gastric surgery and did not seek any additional treatment.

On December 6, 2012, Thomas began to experience more severe abdominal pain. She went to the emergency room at Houston Northwest Medical Center where a CT scan revealed a foreign object in Thomas's peritoneal cavity. The

---

[1] Thomas does not allege any negligence on the part of appellees arising out of the 2001 surgery during which the tube was placed in her abdominal cavity.

doctors recommended that Thomas see a surgeon to have the object removed. Thomas did not have the object removed at that time, giving as her reason that she had no medical insurance and was financially unable to afford the cost of surgery. Later that same month, Thomas retained attorneys.

In January 2013, after obtaining medical insurance, Thomas saw Dr. Moparty, a gastroenterologist, at Spring Gastroenterology. Dr. Moparty told Thomas that he thought her abdominal pain was caused by her gallbladder and referred Thomas to Dr. Wadiwala, a bariatric surgeon, for evaluation. In March and July 2013, Thomas saw Dr. Wadiwala who recommended that she return to Dr. Jayakumar for the removal surgery.[2] In July 2013, Thomas lost her job and her medical insurance.

In November 2013, after obtaining financial assistance, Thomas saw Dr. Daniel Albo who informed her that he believed there was a foreign object in her peritoneal cavity.[3] On February 20, 2014, Thomas's attorney sent a Notice of Claim letter to appellees pursuant to Texas Civil Practice and Remedies Code section 74.051.[4] On February 24, 2014, Dr. Albo performed the removal surgery

---

[2]      Dr. Moparty and Dr. Wadiwala are not parties to this suit.

[3]      In 2001, Thomas underwent a lap band surgery which required the insertion of catheter tubing in her abdomen.

[4]      TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (West 2011).

during which he determined that the foreign object was a piece of silastic-type tubing that had been left in Thomas's abdomen during her 2001 lap band surgery.

On April 21, 2014, Thomas filed this medical malpractice suit against appellees alleging that they were negligent by (1) leaving a portion of a foreign object in her abdomen and (2) failing to recognize the presence of the foreign object in her abdomen during her follow-up visit in December 2011. Appellees timely filed their answers in which they asserted, among other things, that Thomas's claims were barred by the applicable statute of limitations. Appellees subsequently filed motions for summary judgment.

On October 29, 2014, the trial court granted appellees' motions. In its order, the trial court stated:

> Thomas knew (or should/could have known) that the tubing was placed in her abdomen in 2001 and, by December 2012 at the latest, she knew Dr. Jayakumar had not removed it and that it might be causing her medical complaints. The ensuing 11-12 months afforded Thomas a reasonable opportunity to file suit, and requiring her to have done so under these circumstances does not "impose an impossible condition" of the type and nature that warrants the protection of the Open Courts guarantee.

The court further noted that Thomas's reasons for the delay in having removal surgery and filing suit, i.e., her financial and work/insurance-related difficulties, were legitimate concerns, but it concluded that "the cases applying the guarantee do not appear to permit such real-world concerns to trump the objective inquiry

4

into whether a plaintiff was afforded a reasonable time to sue." This timely appeal followed.

## Standard of Review

We review a trial court's decision to grant a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A defendant who moves for traditional summary judgment has the burden of (1) showing that there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's claims or (2) pleading and conclusively establishing each essential element of any affirmative defense, establishing that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

A defendant moving for summary judgment on the affirmative defense of limitations has the burden of conclusively establishing that defense. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the movant establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*; *see also Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 295 (Tex. 2010) ("In the summary judgment context, the burden is on the plaintiff asserting an Open Courts exception to the statute of limitations to raise a fact issue demonstrating that she did not have a reasonable opportunity to

5

discover the alleged wrong and bring suit before the limitations period expired."). In determining whether there are disputed issues of material fact, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

## Applicable Law

Health care liability claims are subject to a two-year statute of limitations:

> Notwithstanding any other law . . . , no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011). This statute adopted an absolute two-year limitations period and abolished the "discovery rule" in health care liability claims. *Walters*, 307 S.W.3d at 298 n.28 (noting that "the Legislature abrogated the court-fashioned discovery rule" in 1975) (citation omitted); *see Chilkewitz v. Hyson*, 22 S.W.3d 825, 829 (Tex. 1999) (holding that "absent a violation of the open courts provision of the Texas Constitution," the legislature abolished discovery rule in cases governed by Medical Liability Act).

The Texas Constitution's open courts guarantee provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13.

6

This provision assures that a person bringing a well-established common law cause of action will not suffer unreasonable or arbitrary denial of access to the courts. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 783 (Tex. 2007). A statute that unreasonably or arbitrarily abridges a person's right to obtain redress for injuries another person's harmful act causes is an unconstitutional due course of law violation. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).

**Analysis**

Thomas does not dispute that she filed her lawsuit against appellees outside the two-year statute of limitations period.[5] Rather, she argues that application of section 74.251 to bar her claims violates the open courts guarantee of the Texas Constitution.

The Texas Supreme Court has held that Chapter 74's two-year limitations period is not unconstitutional under the open courts provision of the Texas Constitution "if the plaintiff had a reasonable opportunity to discover the alleged wrong and bring suit before the limitations period expired." *Shah*, 67 S.W.3d at 842 (analyzing whether plaintiff's medical malpractice claims were barred under

---

[5] In her petition, Thomas alleged that appellees were negligent (1) during her November 14, 2011 gastric bypass surgery when they failed to remove the tubing left in her abdomen during her 2001 lap band surgery and (2) during her December 2011 follow-up visit with Dr. Jayakumar when they failed to recognize the presence of the tubing in her abdomen. Under these facts, the latest possible date Thomas's cause of action could have accrued was December 31, 2013. Thomas did not file her suit until nearly four months later.

7

two-year statute of limitations of statutory predecessor to section 74.251). Courts analyzing whether the open courts doctrine invalidates a statute of limitations in a particular case have focused on whether the nature of the claim made it impossible or exceedingly difficult to discover the alleged wrong and bring suit within the two-year period. *See Walters*, 307 S.W.3d at 296–97 (analyzing plaintiff's claim that she could not have discovered surgical sponge left inside her abdomen within limitations period and holding that claims were protected by open courts guarantee); *Nelson v. Krusen*, 678 S.W.2d 918, 920–24 (Tex. 1984) (holding, in claim for wrongful birth, that parents could not reasonably have discovered their claim within two-year limitations period because child was not diagnosed with genetic disease until he was more than three years old, and thus that limitations period would operate to bar parents' suit before they knew it existed).

In her summary judgment response and on appeal, Thomas alleges that she did not have a reasonable opportunity to learn of the facts that comprised her claim within two years from the date of her 2011 gastric bypass surgery.[6] Specifically, she argues that she did not know, and could not have known until after her procedure on February 24, 2014, that tubing left in her abdomen during her 2001 lap band surgery was the cause of her injury and that Dr. Jayakumar should have

---

[6] In her summary judgment response, Thomas refers to her November 14, 2011 surgery as the event from which the statute of limitations began to run.

removed it during her gastric bypass surgery. Therefore, she contends the open courts provision should preclude application of section 74.251 to her suit.

As the nonmovant, Thomas bore the burden of showing that the nature of her claim made it impossible or exceedingly difficult to discover the alleged wrong and bring suit within the two-year period. *See Walters*, 307 S.W.3d at 296–97; *Gale v. Lucio*, 445 S.W.3d 849, 855 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). The discovery of a "fact of injury" is the triggering event for limitations. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 357 (Tex. 1990); *O'Reilly v. Wiseman*, 107 S.W.3d 699, 707 (Tex. App.—Austin 2003, pet. denied); *see also Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983) (holding that knowledge of "facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry . . . is in law equivalent to knowledge of the cause of action").

Thomas alleges that Dr. Jayakumar committed malpractice when he failed to remove the previously implanted tubing during her gastric bypass surgery on November 14, 2011. On December 6, 2012, Thomas experienced severe abdominal pain and went to the emergency room at Houston Northwest Medical Center. In her affidavit, Thomas states that "[a]t the hospital, the doctors found that there was a foreign object in my abdominal cavity. I was informed by the doctors that I should seek a surgeon to remove the foreign object." It is at this

point that Thomas had knowledge of her injury. She had more than eleven months to file suit before the statute ran as to appellees. *See Wiseman*, 107 S.W.3d at 708 (concluding that date on which plaintiff was diagnosed with breast cancer is date on which she was deemed to have knowledge of fact of injury); *see also Adkins v. Tafel*, 871 S.W.2d 289, 294 (Tex. App.—Fort Worth 1994, no writ) (stating plaintiffs could not avoid summary judgment merely by alleging they did not know they had claim against defendant until their lawyer's expert informed them defendant had committed malpractice).

In further support of her open courts challenge, Thomas also argues that she did not have a reasonable opportunity to learn of her injury and file suit within the limitations period because she did not have medical insurance and otherwise lacked the financial resources for further testing or treatment. As the trial court noted, "[t]hese are legitimate—and undisputed—concerns," with which this Court sympathizes. However, as of December 6, 2012, more than eleven months remained to sue appellees within two years of the date of Thomas's gastric bypass surgery on November 14, 2011. The Texas Supreme Court has held that the open courts provision allows a patient to avoid the absolute two-year limitations only if it would be impossible or exceedingly difficult to discover the injury and sue within that period. *See Nelson*, 678 S.W.2d 921–22. Because Thomas had more than eleven months after discovering her injury in which to file her claim, we

10

cannot say that conditions made it impossible for her to do so. *See Wiseman*, 107 S.W.3d at 708–09 ("It is quite understandable that [the plaintiff] would concentrate on fighting her disease before pursuing her medical negligence claims, but because she had four months after discovering her injury in which to file such a claim against [the defendant], we cannot say that conditions made it impossible for her to do so."); *Adkins*, 871 S.W.2d at 295 (concluding mere fact that plaintiffs could not find lawyer to file their suit until after it was time-barred did not affect constitutionality of statute).

Thomas failed to raise a fact issue establishing that she did not have a reasonable opportunity to discover the alleged wrong and bring suit within the limitations period. Therefore, the open courts provision does not apply to save her time-barred negligence claim.

The trial court did not err in granting appellees' motions for summary judgment. We overrule Thomas's issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

11